IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JEFFREY R. HASTINGS,

    Plaintiff,

vs.                                    Case No. 4:09cv81-SPM/WCS

GOVERNOR CHARLIE CRIST, et al.,

    Defendants.

_____/


**REPORT AND RECOMMENDATION**

Plaintiff, proceeding *pro se*, initiated this case to challenge the constitutionality of FLA. STAT. § 947.18.  As he did not submit the challenge on a civil rights complaint form, he was provided the proper form as required by N.D. Fla. Loc. R. 5.1(J)(2).[1]  *See* docs. 1, 4.  Ruling was deferred on Plaintiff's motion seeking leave to proceed *in forma pauperis*, doc. 2, until Plaintiff completed the complaint form and disclosed all prior cases he has filed.  Plaintiff was directed to identify all cases which were dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff has now filed an "amended complaint," on court forms as required.  Doc. 6.  Plaintiff also submitted an affidavit, doc. 5, which advises that Plaintiff has "never

---

[1] That rule provides that no "civil action commenced by *pro se* litigants under 42 U.S.C. § 1983 . . . shall be considered by the court unless the appropriate forms have been properly completed, signed, and filed by the litigant."

filed any actions knowingly in 'Federal Court' that were intentionally malicious, frivolous, [sic] or to abuse the judicial system."  Doc. 5, p. 2.  Plaintiff states that every case he filed was done "with the belief he had grounds for relief and with advise [sic] from law clerks that he was entitled to relief and to file same . . . ."  *Id.*

The question on the complaint form is clear in asking have "you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  *See* Question D, doc. 6, p. 7.  It does not ask whether Plaintiff believed his cases to be meritorious or not; it asks whether a Court found a prior case to be without merit.

Answering questions on the complaint form is also not just a matter of one's memory.  When a litigant has frequently filed cases, that litigant is expected to keep a listing of all cases.  As a prisoner, Plaintiff is well familiar with the requirement to be aware of all cases and retain the information necessary to accurately complete complaint forms, required in the federal courts.  It is not sufficient for Plaintiff to merely assert that he cannot remember cases.

To aid Plaintiff in the future, the following information is provided.  Plaintiff initiated a case in the Northern District of Florida which was transferred to the Southern District of Florida as case 2:05cv14185 on June 20, 2005.  A report and recommendation was entered in August, 2005, recommending dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Doc. 7, of that case.  The report and recommendation was adopted without objection and the case dismissed on December 6, 2005.  Doc. 8, case 2:05cv14185.

Plaintiff initiated case 9:05cv80491 on June 1, 2005, in the Southern District of Florida. That civil rights case was similarly dismissed for failure to state a claim under § 1915(e)(2)(B)(ii) on August 15, 2005, over Plaintiff's objection. Docs. 6, 7 of that case.

Plaintiff also initiated a civil rights action in the Middle District of Florida on December 8, 2000. Case 3:00cv1320. It was summarily dismissed by District Judge Harvey Schlesinger for failure to state a claim as Plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). Doc. 6, of that case. There, Plaintiff sought monetary damages and the restoration of forfeited gain time as a result of a disciplinary report, claims clearly barred. The case was dismissed on December 14, 2000. Doc. 6.

Plaintiff also filed case 4:05cv303-MP/EMT in the Northern District of Florida on August 19, 2005. A report and recommendation was entered on November 22, 2005, finding that Plaintiff should *not* have been previously granted *in forma pauperis* status as the Magistrate had learned that Plaintiff had two other cases previously dismissed in this District as frivolous and for failing to state a claim (cases 4:00cv310 and 4:00cv491). Doc. 9, of that case. In addition, Plaintiff had filed an appeal which was dismissed as frivolous. *Id.* Thus, the court found Plaintiff was not entitled to *in forma pauperis* status. The prior *in forma pauperis* order was vacated and the case was dismissed pursuant to 28 U.S.C. § 1915(g) on December 23, 2005. Docs. 10, 11.

Plaintiff has filed approximately 27 cases throughout the Southern, Middle, and Northern Districts of Florida. The Court need not waste further time providing a more precise listing of all these cases for Plaintiff. It is clear from the above information that Plaintiff is *not* entitled to proceed under the *in forma pauperis* statute. *See* 28 U.S.C. §

1915(g).[2]  It is also clear that Plaintiff is well aware of that fact.  Plaintiff is intentionally attempting to hide his prior cases and has intentionally failed to disclose dismissals under § 1915(e)(2)(B).

Thus, the case at bar should be summarily dismissed for Plaintiff's failure to disclose all of his prior cases and his attempt to hide the fact that he is barred from proceeding with *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g).  His efforts to conceal that information is malicious.  Additionally, Plaintiff's motions seeking leave to proceed *in forma pauperis*, docs. 2 and 8, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motions seeking leave to proceed *in forma pauperis*, docs. 2 and 8, be **DENIED** and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g).  It is further **RECOMMENDED** that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed as malicious and an abuse of the judicial process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2009.


   s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

---

[2] Section 1915g provides that a prisoner may not be granted *in forma pauperis* status if a "prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:09cv81-SPM/WCS

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**